**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**
**1:10cv67**

| | |
|---|---|
| **DARRELL R. THOMAS,** | ) |
| **Plaintiff,** | ) |
| Vs. | )     ORDER |
| **UNITED PARCEL SERVICE, INC.,** | ) |
| **Defendant.** | ) |

**THIS MATTER** is before the court on plaintiff's Motion for Reconsideration of Motion for Enlargement of Time. While the plaintiff cites the court to the Local Rules of the *Middle* District of North Carolina, <u>see</u> Motion, at p.2, and defendant in response shows that it has gone through a number of lawyers in this case, there simply is no satisfactory explanation for the failure of the parties to initiate discovery after the Pretrial Order was entered in May. Finally, the pleadings in support of reconsideration leave the court with the impression that agreement of the parties to extensions somehow entitles them to enlargement of dispositive and trial deadlines. Indeed, Part III (A) provides the parties with explicit warning that the

> Parties may not extend this deadline by agreement and stipulated extensions of the completion of discovery do not extend the Motions Deadline.

Pretrial Order, Docket Entry #8, at p. 4.

While the court is not persuaded by the arguments of the parties, the undersigned has met with the district court in an attempt to determine what relief may

-1-

be available.[1]  Due to a change in the district court's overall civil trial calendar for 2011, the district court will allow placement of this matter on the September 12, 2011, trial calendar.  The parties are cautioned that but-for such fortuitous alteration in the master schedule, no relief would have been available.  Movement of a dispositive motion or trial setting at a minimum requires a showing that the parties have been diligent in discovery and that discovery promptly commenced after entry of the Pretrial Order.  Where unforeseeable problems arise, those problems should be brought to the court's attention immediately rather than waiting until the time has nearly run to seek what is exceptional relief.

## ORDER

**IT IS, THEREFORE, ORDERED** that

(1) plaintiff's Motion for Reconsideration of Motion for Enlargement of Time (#15) is **DENIED** as the parties have not shown good cause for movement of this matter from the trial calendar; and

(2) due to changes in the trial calendar for 2011, the ready date for trial in this matter is, on the court's own motion, **RESET** to September 12, 2011, the dispositive motions deadline is reset to May 1, 2011, and discovery completion is reset to April 1, 2011.  All other deadlines remain unchanged and there shall be no further extensions of time in this matter.

---

[1] Because continuance from the trial calendar is considered exceptional relief in the Asheville Division, extensions that impact dispositive motions and trial are closely reviewed and require approval of the district court.

Signed: December 9, 2010

*Dennis L. Howell*

Dennis L. Howell
United States Magistrate Judge